### 17454

R. Lee KELLY, Insurance Commissioner of the State of South Carolina, as Receiver in South Carolina for Trans-Pacific Insurance Company, Respondent, v. Nelson M. DANGEL, doing business as Capitol Insurance Agency, Appellant.

(104 S. E. (2d) 388)

*Messrs. Sidney D. Duncan* and *Roberts, Jennings, Thomas & Lumpkin,* of Columbia, *for Appellant,*

*Messrs. Blatt & Fales,* of Barnwell, *Lybrand, Simons & Smith,* of Aiken, and *Whaley & McCutchen,* of Columbia, *for Respondent,*

July 28, 1958.

OXNER, Justice.

This is an appeal from an order refusing a motion by defendant to change the venue of this action from Sumter to Richland County.

The suit was brought in Sumter County by the Insurance Commissioner of this State, as receiver in South Carolina for the Trans-Pacific Insurance Company, against Nelson M. Dangel doing business as Capitol Insurance Agency, to recover certain premiums alleged to have been collected by defendant as the agent of the Company and to also recover alleged unearned commissions on policies cancelled. An answer was duly filed by defendant in which he denied liability for any debts of the Capitol Insurance Agency. He further alleged "that the business known as Capitol Insurance Agency is a partnership composed of Sibyl T. McElveen and Krystal K. Dangel and the defendant Nelson M. Dangel has no connection with said partnership or business except as an agent and employee, to-wit, as general manager." He then denied that the Capitol Insurance Agency was indebted in any manner to the Insurance Company either for premiums collected or for unearned commissions.

At the time the answer was filed, defendant made a motion to change the venue to Richland County "on the ground that neither of the partners in the defendant partnership are residents of Sumter County, that one of the partners is a resident of Richland County, that the place of business of the partnership is in Richland County, and that said partnership does not have a place of business or do business in Sumter County." The facts stated in said motion were supported by an affidavit of the defendant.

The Court below refused the motion on several grounds but the only one we need consider is that there is no showing that the defendant is a resident of Richland County. It is alleged in the complaint that defendant "is a resident of the State of South Carolina and was at

the times hereinafter mentioned doing business as Capitol Insurance Agency." This allegation is denied in the Answer. The affidavit of defendant in support of the motion for change of venue does not disclose his residence. The Court, therefore, correctly concluded that there is no showing that the defendant has been sued in the wrong county. We fail to see the relevancy of the claim that the Capitol Insurance Agency is a partnership consisting of two partners, one of whom is a resident of Richland County and neither of Sumter County. The alleged partnership is not being sued. Defendant has no standing to make a motion in its behalf. He is the one being sued and has made no showing entitling him to a change of venue.

We express no opinion as to the other grounds upon which the motion was refused.

Affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.